GENERAL BONDING & CASUALTY INS. CO. v. HARLAN. (No. 7623.)

(Court of Civil Appeals of Texas. Dallas. June 30, 1917.)

1. PRINCIPAL AND SURETY ☞100(1)—BUILDING CONTRACT—RELATION OF SURETY.

Where a building contractor in a contract agreed to pay off and discharge claims for labor and material used in the building, and if he failed to do so that the owner at his option might pay off all such claims as should be liens on the property, and that the contractor should be liable only to refund to the owner money so paid, and that the contractor and surety on his bond shall be liable to said owner for the amount so expended, and the condition of the surety's bond was that the contractor shall perform all obligations imposed upon him by the contract, as the bonding company became liable only for such claims as became liens on the property, where the owner purchased bricks which he was authorized only to select under the contract, and made himself liable therefor, he violated the contract, and, no lien having been established, released the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 162.]

2. PRINCIPAL AND SURETY ☞121—BUILDING CONTRACT—RELATION OF SURETY.

Where an owner was negligent in a suit by materialmen claiming liens on his property and seeking foreclosure in not setting up in such suit that he had paid certain amounts and other defenses which he might have made, he was not entitled to any relief against the surety on the contractor's bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 298–301.]

3. PRINCIPAL AND SURETY ☞160—EVIDENCE—ADMISSIBILITY.

In an action against the surety on a contractor's bond, evidence that the owner at the direction of the contractor procured brick believing that brick had already been purchased by the contractor, and the evidence of the seller of the brick that the contractor had never purchased any brick from it was properly excluded as irrelevant and an attempt to bind the bonding company by an oral agreement between the owner and contractor to which the bonding company was not a party, and of which it had no information and which it did not ratify.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 436–438.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Harry Harlan against the General Bonding & Casualty Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

T. L. Camp and Walter M. Nold, both of Dallas, for appellant.    W. P. Donalson, of Dallas, for appellee.

RAINEY, C. J.  This is an appeal from a judgment against appellant in favor of the appellee for $350.

Appellant contracted with one McMahan for the building of a dwelling house in consideration of $4,200. After partly completing the house, McMahan, the contractor, being insolvent, abandoned the contract, he having been paid $3,245. Before this, at McMahan's solicitation Harlan had purchased certain brick which went into the house.  Besides the price of the brick McMahan owed bills to the amount of $1,410 for material which he was under contract to furnish, and which was used in the house.  After McMahan threw up the contract Harlan expended $499.-65, leaving in his hands $265.35 of the contract price, less $190, which the parties agreed was to be deducted from the contract price. After this the seller of the brick sued Harlan and recovered a judgment for $350, which Harlan paid.

Upon entering the building contract with Harlan McMahan executed a bond with the appellant as surety for the faithful performance of said contract, conditioned as follows:

"The condition of the above obligation is such that if the above-bound C. F. McMahan shall well and truly perform and fulfill all the obligations imposed upon him in a certain contract of even date herewith between said C. F. McMahan and Harry Harlan, a copy of which said contract is hereto annexed, then this obligation shall be void; otherwise to remain in full force and effect."

The building contract, section 9, provides that:

"The owner agrees to pay the contractor for the work aforesaid, subject to additions or deductions, on account of alterations as hereinbefore provided, the sum of four thousand two hundred and no/100 dollars as follows: Each week during life of this contract and progress of work architect shall make estimate for actual labor done and material furnished and issue his certificate for 75 per cent. the actual cost thereof, retaining at option of owner 25 per cent. of contract price until completion of contract, and owner shall pay said 75 per cent. estimate upon said estimate in lawful money of U. S. A. Remainder of contract price retained by owner shall be paid in lawful money of the United States of America within five days after work is completed, except the owner shall have the right to retain any sums necessary to pay off just and unsatisfied claims against the contractor for the labor and material used on said work; also may at his option retain the sum of 10 per cent. of the total contract price and 10 per cent. of any price made for extra work for a period of thirty days after completion of contract.  The contractor hereby agrees to pay all subcontractors and laborers and materialmen for all work, labor, and material furnished or used in said building within ten days after completion thereof, and if he fails to do so, the owner, at his option, may pay off all such claims as may become liens [on] his property, and the contractor shall be liable to the owner and shall refund to the owner any money so paid out by the owner in satisfaction of such claims against the contractor, and the contractor and surety on his bond executed herewith shall be liable to said owner for the amount of all such amounts so expended."

A trial was had before the court without a jury, and judgment rendered for Harlan for $350 against appellant, from which this appeal is prosecuted.

Only one assignment of error with proposition thereunder is presented by appellant, as follows:

"The court erred in rendering a judgment against this defendant because it affirmatively appears from the agreed statement of facts that the building was constructed free and clear of any mechanics' or materialmen's liens, the existence of which would be necessary to fix any liability on this defendant under the contract of McMahan and the bond of this defendant."

The proposition is:

"It affirmatively appearing from the agreed statement of facts that the building was constructed free and clear of any mechanics' or materialmen's liens, the existence of which would be necessary to fix any liability on this defendant surety under the building contract of C. F. McMahan and the bond of this defendant predicated thereon, it was error for the trial court to render judgment against this defendant."

[1] It will be noted that the contractor was only bound to pay off and discharge such claims for labor and material furnished or used in the building, and for such "as may become liens [on] his property" and paid by Harlan the bonding company became liable. There was no lien for the $350 fixed upon Harlan's property, and Harlan, under the evidence, having made himself liable in purchasing the bricks, thereby violated the contract and released the surety.  He was not obligated to purchase the bricks but was under the contract only authorized to select them.  In selecting them he was negligent in not having them charged to the contractor, instead of to himself.

[2] He was also further negligent when sued in Boatman Hardware Company and Others v. McMahan, claiming liens to the amount of $1,410, and seeking a foreclosure, in not setting up in said suit that he had paid the $350, and in pleading that he held $265.35, which he did not ask to be applied on the payment of the $350, but instead he paid said $265.35 into court for said creditors.  This amount of $350 was owing by McMahan, and if Harlan had so pleaded when sued as to the $265.35 he should have been protected in that suit to that extent.

We are inclined to the opinion that under the circumstances Harlan was not entitled to any relief against the appellant, and therefore not entitled to recover.

This suit is a branch of another case which we affirmed in part and reversed and remanded in part as to Harlan at a former term of this court.  See Harlan v. Fuel & Supply Co., 160 S. W. 1142.  In reversing that case, where the facts as to Harlan against the bonding company were somewhat different from the instant case, we fell into

error as to the relief he was entitled to. In so far as that case is in conflict with the views here expressed, it is overruled.

[3] The appellee has filed cross-assignments of error complaining of the court in not admitting certain evidence of appellee, as follows:

"That said McMahan, in directing him, said Harlan, to go and select the brick in question, stated to him, said Harlan, that he, said McMahan, had purchased said brick from the Texas Fuel & Supply Company, and that he, said McMahan, had arranged for their payment; that he, said Harlan, believed such statements of said McMahan to be true, and acted upon such statements and belief in going to the Texas Fuel & Supply Company and in selecting said brick."

Also the evidence of L. Fife, as follows:

"That he (Fife) was the manager of the Texas Fuel & Supply Company, and that said McMahan was not known to the Texas Fuel & Supply Company, or its officers, until long after said brick had been delivered and placed in the building in question, and that said McMahan had never purchased any brick from said Texas Fuel & Supply Company, and had never made any arrangements to purchase any brick from said company."

The objection made to said evidence was:

"That same was irrelevant and immaterial, and because it would be an attempt to bind the bonding company by an oral agreement made between Harlan and McMahan to which the bonding company was not a party, and had no information thereof, and did not ratify same, and it would be an attempt to fix the bonding company's liability on a written contract by parol evidence."

We are of the opinion that the court ruled correctly in not admitting said testimony, in that the testimony was irrelevant.

The bonding company was only liable under the terms of its contract, which was in writing, and the evidence sought to be introduced tended to show a parol contract between McMahan and Harlan which showed McMahan's liability to Harlan, but, as we understand it, could in no way affect the bonding company.

The written contract stipulated that Harlan could select the brick that was to be used in the building, but not that he should purchase them. That he made himself liable for the purchase of same is not in accord with the written contract with the bonding company, and, no lien having been established, therefore no recovery under the circumstances can be had.

The judgment is therefore reversed, and judgment here rendered for appellant.