## LINDSEY v. LEE.   (No. 10104.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 10, 1923. Rehearing Denied March 24, 1923.)

1. **Trial ☞85—Statement held properly admitted in evidence though part of it might be inadmissible.**

Where in a suit to recover wages witness testified that defendant told witness that he (defendant) was paying all employés "straight time," and that defendant also said he could not pay such wages if the employés did not do more work, *held* that, since statement that all employés were getting straight time was admissible, in that it included plaintiff, it was not reversible error to overrule the objection to all the testimony, though the other portion might be inadmissible.

2. **Master and servant ☞80(8)—Evidence of ability to secure work elsewhere held inadmissible on issue of contract.**

Where the issue was whether plaintiff, an oil well driller, had a contract to work for defendant at a certain rate per day "straight time," testimony to the effect that plaintiff could have secured work from others at straight time was foreign to the issue and inadmissible.

3. **New trial ☞104(2)—Admission by plaintiff that he expected to be paid only for days actually worked held not cumulative evidence.**

An admission by plaintiff that he wanted to be paid by defendant only for the days he actually worked for defendant was not merely cumulative evidence.

4. **New trial ☞108(3)—Refusal to grant new trial on newly discovered evidence held error.**

In view of sharply conflicting testimony on the issue in a suit to recover wages, whether defendant agreed to pay plaintiff straight time instead of for days actually worked, it was error not to grant new trial on the ground of newly discovered evidence of C., to whom

plaintiff was alleged to have admitted that he, plaintiff, expected pay only for actual days worked.

**5. New trial ⬅️⟿151—Testimony held not sufficient to overcome affidavit in support of motion for new trial on ground of newly discovered evidence.**

A new trial on the ground of newly discovered evidence, being an alleged admission of plaintiff, should not have been refused merely because C., to whom the admission was alleged to have been made, testified orally on motion for new trial that he thought he previously told defendant of plaintiff's admission, since C.'s testimony was too indefinite to overcome defendant's affidavit that he never acquired such information until after trial.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by H. M. Lee, Jr., against R. W. Lindsey. Judgment for plaintiff, and defendant appeals. Reversed.

B. B. Chappell, of Breckenridge, and Hobert Price, of Dallas, for appellant.

Will R. Saunders and Bowers & Allison, all of Breckenridge, for appellee.

DUNKLIN, J. R. W. Lindsey undertook to drill an oil well, and employed H. M. Lee, Jr., to assist in that work. Lee instituted this suit against Lindsey, and upon a trial recovered judgment for the sum of $726 with foreclosure of an attachment lien upon the tools owned by Lindsey and used in connection with the drilling of said well, also with a foreclosure of a laborer's lien upon the same tools and upon the lease on which the well was drilled, and on all casing and other equipment used in connection with the well. Judgment was further recovered against R. D. Holmes and C. S. Coleman, sureties on the replevin bond, which the judgment recites the defendant executed for the property seized under the attachment writ. From that judgment the defendant Lindsey has appealed.

The proof showed that the defendant agreed to pay the plaintiff for his services at the rate of $15 per day, and that plaintiff actually worked only 20 days, but plaintiff sued for and recovered for 58 days of service at $15 per day, or a total of $870, less a credit of $144 paid to him by the defendant.

In answer to special issues submitted, the jury found: First, that the defendant agreed to pay plaintiff "$15 per day straight time"; and second, that plaintiff's employment by defendant began February 7, and terminated April 6, 1921.

[1] Whether the defendant's agreement to pay plaintiff $15 per day was understood between the parties to embrace only the days plaintiff actually worked was the controlling issue upon the trial. Upon the trial Claude Lee, brother of plaintiff, and who also worked for defendant on the same well at $14 per day, was introduced as a witness by the plaintiff, and the following question was propounded to him:

"Did you ever have a conversation at the rig while out there with Mr. Lindsey in which the question of straight time was discussed?"

To that question the witness answered as follows:

"I come down and worked for Mr. Lindsey several days; did not ask him when I went to work, but at the rig asked if $14 was straight time or not. He said 'Yes,' he was paying them all straight time, and then one day he told us he had finished the job there, and we was having hard luck and had not done much. It was at night, in the morning some time, we was getting along slow, me and my driller, Fred Hermann, stepped out, and Rob said, 'Straight time, I can't stand that if you don't do more work,' or something to that effect."

Defendant objected to that testimony on the ground that it was immaterial and had no bearing on the case, since the suit was upon the contract with plaintiff and with no one else. That objection was overruled, and error had been assigned to that ruling.

The statement made by the witness to the effect that defendant was paying all his employés straight time was admissible, since that would include the plaintiff as well as others, and, as a part of the answer of the witness was admissible, there was no reversible error in overruling the objection made to all of that testimony as a whole, even though it should be held that a portion of it was not admissible.

[2] While plaintiff was testifying in his own behalf his counsel asked him the following question:

"Mr. Lee, he asked you if Mr. Lindsey did not tell you that you would only be paid $15 per day for the time you were at work. Now I will ask you from about the 7th day of February up to as long as you were there if you could have gotten work from other people at the same rate, straight time?"

Plaintiff's answer to that question was as follows:

"From the time in February until the time I quit there I could have secured work of the same kind and character from other contractors in the field there. I could have gone to work for either Manger Bros. or Bert Weekly."

Objection was made by the defendant on the ground that such testimony was immaterial and had no bearing on the issue in the case; the issue being whether or not plaintiff had a contract to work for the defendant at straight time. It will be observed that the answer of the witness did not contain the specific statement that he could have secured work from others at

straight time; yet we are of the opinion that it is likely that the jury so understood the answer. At all events, we are of the opinion that the court erred in overruling the objection, since it was upon an issue foreign to the case. In opposition to that assignment, appellee has cited the following from 22 Corpus Juris, p. 176:

"When there is a contract, but a dispute as to the contract price has arisen, evidence of the value of the subject-matter is admissible as relevant to the matter in dispute."

Also the case of Erp v. Raywood Canal & Milling Co. (Tex. Civ. App.) 130 S. W. 897. In that case, upon the issue as to whether or not a parol contract for water rentals had been made between the parties, the court held that the general custom with users of water from appellee's canal, and all other canals, to make written contracts for water rentals, was admissible in view of the fact that the evidence was sharply conflicting as to whether the alleged parol contract was in fact made. We do not think that those authorities should be given controlling effect upon the assignment now under consideration. Whether or not plaintiff in the present suit could have secured employment from others at the time for which he claimed to be in the service of defendant and upon what terms was an issue entirely collateral and foreign to the issue presented in the case, and to admit such proof would open the door for the introduction of perhaps much testimony involving the question of ability of those to pay the contract price, the ability of plaintiff to perform the services, how long the employment would have continued, etc., which would have clouded the issue on trial before the jury, to say nothing of the probable injurious consequences to the defense urged. For that reason, if for no other, this case is distinguishable from the authorities cited, since market value or custom would be but a single issue, proof of which would not have the same tendency to mislead and confuse the jury.

Error has also been assigned to the action of the court in overruling defendant's motion for a new trial on the ground of newly discovered testimony. Attached to the motion for a new trial was an affidavit of C. S. Coleman to the effect that he was acquainted with the plaintiff, H. M. Lee, Jr., "and that he had a conversation with the said H. M. Lee, Jr., on or about the 30th day of June, 1921, and that he had occasion to mention the work done by H. M. Lee, Jr., for R. M. Lindsey on a certain well at or near Ivan, Tex., and that the said H. M. Lee, Jr., told this affiant that he, the said H. M. Lee, Jr., only wanted pay for what he had coming, which he said was 19 or 20 days' work, and in substance that he was only claiming 19 or 20 days."

The motion for new trial was also sup-

ported by the affidavit of defendant to the effect that before the trial of the case he had made diligent inquiry of all parties he knew who would likely know about the matters in controversy in the suit and all friends and acquaintances of plaintiff of whom he had any knowledge to ascertain any information that such persons might have bearing upon the issue involved in the suit; that on the afternoon of October 27, 1921, he talked with C. S. Coleman over the long-distance telephone from Breckenridge, where the case was tried, to Miles, Tex., concerning matters foreign to the issues in this case, and, after discussing those matters, he mentioned to Coleman that he (defendant) had been defeated in the trial of plaintiff's suit against him, and that the court had allowed plaintiff a judgment for 58 days' service; that C. S. Coleman then told the defendant of the conversation he (Coleman) had had with plaintiff, H. M. Lee, Jr.; and that plaintiff then told him (Coleman) that he was only claiming pay for 19 or 20 days' work as stated in the affidavit of Coleman just referred to. Defendant's affidavit contains the further statement to the effect that he had never heard of the information so given by Coleman prior to that telephone conversation and had never had any reason to expect the same prior thereto. Defendant's affidavit further states that the telephone conversation occurred on October 27, 1921, while the trial, as indicated by the file mark on the court's charge to the jury, occurred on October 20, 1921, although judgment was rendered on October 26, 1921.

The defendant testified specifically that the contract for service made by him with the plaintiff was for $15 per day while he was actually engaged in work. Defendant's wife testified to the same effect. Plaintiff testified positively that the defendant agreed to pay him $15 per day straight time, which meant that he was to draw pay at that rate whether he was actually at work or not, and that he was employed on February 7th, and was not discharged until April 6th. Claude Lee testified that he was employed by the defendant to work on the same well along with the plaintiff at $14 per day straight time, as shown in the bill of exception discussed above. F. B. Hermann, another witness for the plaintiff, testified that he worked for Mr. Lindsey on the same well under a contract for $15 per day straight time and further to the effect that defendant told him that he was paying all of his employés straight time. William Hershey, another witness for the plaintiff, testified to the effect that he was also employed by the defendant as a tool dresser at $15 per day straight time. The testimony of witnesses Claude Lee, F. B. Hermann, and William Hershey showed that all those witnesses were asserting claims against the defendant of like character to that asserted by the

plaintiff, and Claude Lee admitted that he had filed a laborer's lien on the tools to force the payment of the amount claimed by him.

The defendant introduced several witnesses who were contractors in that field who testified to the effect that it was not the general custom of the field to pay drillers on such wells straight time. That testimony was introduced after the plaintiff had testified that he could have gone to work for other contractors in the same field during the time for which he recovered judgment, as recited in the bill of exception referred to above.

[3] The testimony of C. S. Coleman, as contained in his affidavit, was to an admission by plaintiff that he did not claim pay for the defendant for more than 20 days. It cannot be said, therefore, that it was merely cumulative testimony of defendant and his wife, since it was of a different character. No evidence of such an admission on the part of the plaintiff was given on the trial. H. & T. C. R. Co. v. Forsyth, 49 Tex. 171; Wolf v. Mahan, 57 Tex. 171.

[4, 5] In view of the conflict in the testimony as shown above upon the controlling issue in the case, we think the court erred in refusing to grant a new trial on the ground of newly discovered testimony of the witness C. S. Coleman, notwithstanding it appears in the record that said witness on the hearing of the motion for new trial testified orally that he thought he had told the defendant of witness' conversation with the plaintiff detailed in witness' written affidavit, since such testimony was too indefinite to conclusively overcome defendant's affidavit that he never acquired that information until after the trial. Harlan v. Tex. Fuel & Supply Co. (Tex. Civ. App.) 160 S. W. 1142; Lancaster v. Settle (Tex. Civ. App.) 204 S. W. 772; Wolf v. Mahan, supra.

According to allegations in plaintiff's petition, his laborer's lien, which was foreclosed for the whole amount of the judgment, was not filed until after the expiration of the 58 days of service claimed by him. Although right to such foreclosure has not been challenged upon this appeal, we deem it proper, in view of another trial, to call attention to the following statutes which control the fixing of such liens as the one in controversy, to wit: Article 5636, Revised Statutes, provides that, when work is performed by the day or week, the indebtedness therefor shall be deemed to have accrued at the end of each week. Vernon's Ann. Civ. St. Supp. 1918, art. 5639d, provides that such liens shall be filed and recorded and enforced in the same manner as those in favor of mechanics, contractors, builders, and materialmen, as prescribed in chapter 2, tit. 86, of the Revised Statutes. Rev. St. art. 5622, which is embraced in the chapter and title last mentioned, provides that the liens of journeymen and day-laborers on a building shall be filed within 30 days after the indebtedness claimed shall have accrued.

And in Bell Oil & Refining Co. v. Price (No. 10070) 251 S. W. 559, recently decided by this court, opinion by Associate Justice Buck, but not yet published, this court denied the foreclosure of a lien for a part of the labor performed on an oil well at $10 per day because of the failure of the laborer to file such lien within 30 days from the date the indebtedness therefor accrued, and that the same accrued at the end of each week during which time the labor was performed.

For the reasons indicated, the judgment is reversed, and the cause remanded.

CONNER, C. J., disqualified and not sitting.

---

⊙⟆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes