## STEED v. WINDER.

### No. 10841.

Court of Civil Appeals of Texas. Galveston.

June 22, 1939.

Thornton, Markwell, Watson & Godard, of Texas City, for appellant.

Crawford, Borofsky & Robinson, of Galveston, for appellee.

GRAVES, Justice.

This statement, adopted by the appellee, is taken from the appellant's brief:

"The plaintiff, Herbert Winder, filed the present action in the justice court of Precinct No. 5, Galveston County, Texas, to collect the sum of $180.00 alleged to be due him by the defendant under a written contract of employment for the period from March 31, 1937, through May 12, 1937, at a weekly wage of $30.00. Pleading was oral and the plaintiff alleged that the defendant had wrongfully discharged him so that he was unemployed for the six-week period above mentioned. Judgment was rendered in favor of the defendant in the justice court and plaintiff appealed to the County Court of Galveston County, Texas. The cause was tried in such county court upon oral pleading to a jury and judgment was rendered for the plaintiff for the sum of $180.00. Defendant has appealed to this Honorable Court for errors alleged to have been committed in the overruling of his motion for new trial. Appellant's present attorneys entered the case after its trial in the county court and upon examining the record, believing a substantial injustice was done, now appeal to this Court for a reversal."

The appealed-from judgment contains these material recitations:

"* * * the court submitted the case to the jury on a special issue as follows:

"Special Issue No. 1. From a preponderance of the evidence who do you find breached the contract in this case? Answer: Herbert Winder, the plaintiff, or W. C. Steed, defendant.

"No other special issues having been requested and no exceptions to the charge having been made, the attorneys for both sides argued the case to the jury; whereupon the jury retired to consider of their verdict and after due deliberation, returned into open court the following verdict: 'We, the jury, find that the contract was breached by W. C. Steed, the defendant. A. J. O'Mara, Foreman.'

"Whereupon counsel for the plaintiff moved the court to enter judgment for the plaintiff on said verdict, and the Court having considered the said motion, granted the same and gave judgment to the plaintiff, Herbert Winder."

On appeal, the only assignment is that the court below abused a sound judicial discretion in overruling appellant's motion for new trial based on evidence alleged to have been newly-discovered after the judgment below was rendered, declared to be of such purport that its presence would have corrected an injustice done at the trial and brought about a different result at a new one, the substance of the motion, together with its supporting affidavit, being this:

"That on or before April 17, 1937, to May 15, of the same year, the plaintiff was employed by A. W. Quinn as a service-station operator; that such employment would be testified to by such alleged employer, A. W. Quinn, and would be shown by cancelled pay-checks, as well as by a fidelity-bond executed by plaintiff Herbert Winder, as principal, and the Fidelity & Casualty Company of New York, as surety, dated April 17, 1937, and showing A. W. Quinn the proprietor. The supporting affidavit of A. W. Quinn, adding, in effect, this:

"That Herbert Winder was employed by him as the operator of the West End Oil Company, being a service-station, located at 45th Street and Avenue P-½, in the City and County of Galveston, Texas, from a short time prior to April 17, 1937, to May 15, 1937, at a salary in excess of Thirty Dollars ($30.00) per week; that when Winder went to work for him he executed an individual fidelity-bond with the Fidelity & Casualty Company of New York, as surety, a copy of a portion of such bond being attached to the affidavit. The bond was dated April 17, 1937, showed an annual premium of Twenty Dollars ($20.00), and an amount of Two Thousand Dollars ($2,000.00), with the employee, Herbert Winder, and the employer, A. W. Quinn, proprietor."

The presentment here is couched in three propositions, which may be summarized as follows: "It appearing upon proper affidavit in a motion for new trial that the judgment rendered in the county court was based upon testimony sounding in perjury, which apparent falsity was, after such judgment, while appellant was in the exercise of due 'diligence', disclosed by newly-discovered evidence, the absence of which had caused apparent injustice, and the presence of which would probably have brought about a different result, the court erred in overruling appellant's motion for a new trial predicated upon such newly-discovered evidence."

These authorities are cited as sustaining the contention: Alexander v. Soloman, Tex.Sup., 15 S.W. 906; Dixie Gas & Fuel Co. v. Jacobs, Tex.Civ.App., 47 S.W.2d 457; Halliday v. Lambright, 29 Tex.Civ. App. 226, 68 S.W. 712; Lindsey v. Lee, Tex.Civ.App., 251 S.W. 562; Maxcy v. Norsworthy, Tex.Civ.App., 49 S.W.2d 885.

In the state of this record, it is thought appellant's position is well taken; indeed, so far as substantive matter is concerned, the appellee's only answer is that appellant—having failed to use due diligence, despite prior knowledge as to its existence, to produce such alleged newly-discovered testimony upon this trial—cannot now complain of its absence.

This reply, in short, amounts to saying that, the appellee having admittedly so testified in the justice court that "he did not work for Mr. Quinn from April 17 to May 15 of 1937", even if such testimony upon his part was false, the burden rested upon the appellant to be aware of or to have suspected such falsity and to have procured controverting testimony against it for use in the county-court trial.

The authorities cited do not carry the rule requiring diligence anything like that far, especially as applied to circumstances like these; rather is the diligence-rule materially affected by such conditions, as is evident from this declaration in the Halliday case, cited supra [29 Tex.Civ.

App. 226, 68 S.W. 714]: "While the newly discovered evidence may be regarded as cumulative, and while it may be that the proper diligence was not exercised to produce it upon the trial, we think that in a case like this, where a verdict is shown to rest alone upon the false testimony of a party at interest, the rules in regard to cumulative testimony, and the failure to exercise due diligence to procure it, should not be applied against a party who has been deprived of property to which he had absolute title of which he could not be devested but for testimony of the adverse party, which was shown to be absolutely untrue. As is said by the supreme court in McMurray v. McMurray, 67 Tex. [665], 669, 4 S.W. 357: 'The willful giving of false testimony by a party to an action in relation to a matter affecting the issue to be tried is fraud of the most pernicious character, and for such conduct the party injured by it is entitled to have the cause remanded.' "

The appellee also urges, since in the justice-court trial appellant was catechised by the appellee's counsel with the direct inquiry as to whether he had so worked for Mr. Quinn, which he answered by saying he had not, that appellant's counsel were then evidently familiar with whatever there was to that relationship and were legally bound to pursue it accordingly; the vice in this consideration lies in the fact that, whatever appellant's counsel in the justice court may have known about such employment or the lack of it, there is utter absence of any indication whatsoever that they knew of or had any reason to suspect at that time the falsity of such statement—the averment that it was false and that such falsity was discovered subsequent to this county-court trial being the sole ground upon which the motion for new trial rested.

 The presumption of law would seem to be that all witnesses are testifying to the truth in the courts, until some indication or attack to the contrary is made to appear; in this instance there was none, hence, for aught this record shows, the appellant was entitled at that justice-court trial to assume that the appellee's positive denial on oath from the witness-stand of any such employment was true; he has, by sworn motion and supporting testimony in this new trial hearing, asserted that he did so rely, that he had no reason or ground for suspecting that such testi-mony had been untrue, until, subsequent to the appealed-from judgment, he discovered the existence of the evidence so declared upon.

That this testimony was material, as well as of such character as to have probably brought about a different verdict and judgment, is not disputed; in fact, that is obvious. So that, the sole inquiry is whether or not, in these circumstances, it was an abuse of discretion not to set aside the judgment and permit the facts to be determined in another trial.

Holding that there was such an abuse, this Court will reverse the judgment, and remand the cause for another trial.

Reversed and remanded.