**John G. WILKINS, Appellant,**

v.

**ROYAL INDEMNITY COMPANY and A. J. Davis, Appellees.**

No. 1199.

Court of Civil Appeals of Texas, Tyler.

Dec. 13, 1979.

Joe Alfred Izen, Jr., Wolf D. Schroeter, Houston, for appellant.

William C. Book, Tekell, Book & Matthews, Michael A. Moriarty, Houston, for appellees.

McKAY, Justice.

This is a personal injury case.

Appellant, John G. Wilkins, was injured while installing a concrete sewer pipe at a work site in Houston, Texas on July 12, 1974. Appellant brought suit seeking recovery for personal injuries against appellee A. J. Davis, his employer, and appellee Royal Indemnity Company, alleged to be the workmen's compensation carrier for his employer. Appellant alleged that he was injured while in the course and scope of employment with appellee A. J. Davis; that A. J. Davis was negligent in failing to provide safe working conditions; that A. J. Davis was eligible to become a subscriber under the Workmen's Compensation Laws of Texas but had failed to do so; and that he suffered injuries and damages as a proximate cause of A. J. Davis' negligence.

Prior to the trial on the merits, appellant filed a motion in limine and an order form with the trial court, seeking to suppress any testimony concerning whether appellant had filed Federal income tax returns. This order was not signed by the trial judge. The case was tried before a jury and, at the close of the evidence, a Motion for Instructed Verdict was granted in favor of appellee, Royal Indemnity Company, because there was no evidence to support a finding that Royal Indemnity Company had issued an insurance policy to appellant's employer, A. J. Davis. In response to special issues, the jury found that appellant was injured and sustained damages but failed to find negligence on the part of appellee Davis. Accordingly, a take nothing judgment was entered by the trial court. Appellant duly perfected this appeal, bringing three points of error.

In his first two points of error, appellant maintains that counsel for appellee Davis was guilty of gross misconduct in violating the motion by repeatedly inquiring into appellant's failure to file income tax returns and further, that the trial court erred in failing to enforce the motion and in failing to take sanctions against appellees' counsel for violating the motion. Thus, appellant contends that the failure of the trial court to enforce the motion and to cure the prejudicial effects caused thereby resulted in the "rendition of an improper verdict." We overrule these points.

■ The purpose of a motion in limine is to avoid the injection into trial of matters which are irrelevant, inadmissible, and prejudicial. *Vega v. Royal Crown Bottling Co.,* 526 S.W.2d 729 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Redding v. Ferguson,* 501 S.W.2d 717 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.). The granting or overruling of a motion in limine is not a ruling on the evidence and, therefore, cannot be error. *Redding v. Ferguson,* supra; *Biard Oil Co. v. St. Louis Southwestern Railway Co.,* 522 S.W.2d 588 (Tex.Civ. App.—Tyler 1975, no writ). Consequently, the party opposing the admission of certain evidence still has the burden of interposing a specific objection at the time the evidence is offered. *Biard Oil Co. v. St. Louis Southwestern Railway Co.,* supra; *K–Mart No. 4195 v. Judge,* 515 S.W.2d 148 (Tex.Civ.App. —Beaumont 1974, writ dism'd). Therefore, any error in the trial court's refusal to admit or exclude the testimony of a witness must be shown to have been such a denial

of appellant's right as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Vega v. Royal Crown Bottling Co.,* supra; *Clark v. Turner,* 505 S.W.2d 941 (Tex.Civ.App.— Amarillo 1974, no writ); Rule 434 T.R.C.P.

■ We are met with the threshold question of whether the trial court had actually granted the motion in limine. In his brief, appellant maintains that the trial court granted the motion and in oral argument conceded that his first two points of error are premised on the assumption that the trial court granted the motion. We find this assumption unwarranted. Neither the transcript, nor the statement of facts, nor the trial docket reflect any ruling, either oral or written, that the motion in limine had been granted; the transcript merely contains an unsigned order filed by the appellant's attorney. Therefore, since appellant's first two points of error are founded upon the erroneous assumption that the motion had been granted, we conclude these points must be overruled.

Moreover, even if we were to assume that the motion in limine was granted by the trial court, these points of error must still be overruled. In his petition, appellant alleged a loss of earnings and a loss of earning capacity. Appellant testified that prior to the accident he was making $800.00 to $1,000.00 per month as a musician and as a plumber; that for eighteen to twenty-two months after the accident he was not able to work; that he was not able to do the same kind of work that he did before the accident; and that after the accident he could not work as a musician or a plumber, but worked as a sign painter for approximately $20.00 a week.

On cross-examination of appellant, counsel for appellee Royal Indemnity asked:

Q. Now, do you have any records anywhere or know of any records anywhere that would substantiate that much money per month that you were making before this accident and, if so, where are they?

A. Do I have records of that?

Q. Yes sir.

A. No.

\*   \*   \*   \*   \*   \*

Q. Do you have any W–2 forms from employers or anything to show what kind of salaries that you would be making during that period?

A. On other jobs? Not with me, no.

Q. Do you have them?

A. Have I ever received any W–2 forms? Yes, I have.

Q. Do you have any of the copies to give to these folks to show and substantiate all this money that you say you were making?

A. On playing music on the job I didn't receive nothing but cash money on playing music.

Q. You have no records, no government records, or Federal records to show what you had been making? You are supposed to turn in to the income tax people what you are making as a musician, are you not?

A. No sir.

Q. You don't have to tell the government what you are making?

After this question was asked counsel for appellant objected on the ground that it was "immaterial and irrelevant." The trial court overruled the objection.

After counsel for appellee continued that line of questioning, counsel for appellant made a motion for mistrial alleging that the motion in limine had been granted with respect to any question concerning whether the appellant had ever filed a Federal Income Tax Return and, since counsel for appellee failed to obtain a ruling on the admissibility of such evidence outside the presence of the jury, no instruction to the jury could properly cure the error. The trial court overruled the motion and allowed further questions concerning appellant's income tax records to continue.

■ To determine the measure of damages for impaired capacity to earn money evidence is admissible to show the difference between the income the injured person

was capable of earning before his injury and the income that he is capable of earning after the injury. *Green v. Rudsenske,* 320 S.W.2d 228, 236 (Tex.Civ.App.—San Antonio 1959, no writ); *Missouri, K and T Railway Co. of Texas v. Beasley,* 162 S.W. 950, 952 (Tex.Civ.App.—Texarkana 1914, writ ref'd) 17 Tex.Jur.2d Damages § 109 at 178 (1960). Appellant's testimony was clearly admissible to establish the measure of damages for loss of earning capacity. Therefore, since the credibility of the appellant was at issue with respect to substantiating the measure of damages, the trial court properly allowed counsel for appellee to show, if possible, that appellant did not earn the sums to which he testified. *Pecos and N. T. Railway Co. v. Coffman,* 121 S.W. 218 (Tex.Civ.App. 1909, writ ref'd); Texas Practice, Evidence § 600 at 467 (McCormick and Ray 2nd ed. 1976). Also see *Gulf, C. and S. F. Railway Co. v. Matthews,* 100 Tex. 63, 93 S.W. 1068 (1906).

■ In any event, we find that appellant's objection that the question concerning appellant's failure to file income tax reports is "immaterial and irrelevant" is too general and thus, as a result, appellant has waived whatever complaints he might have had concerning his testimony. An objection to the offer of evidence must state clearly and specifically the grounds upon which the objection is based at the time the offer is made so that the court may make an intelligent ruling and so that opposing counsel may have an opportunity to remove the objectionable grounds. *Insurance Co. of America v. Royer,* 547 S.W.2d 350 (Tex.Civ. App.—Austin 1977, writ ref'd n. r. e.); *Bohanan v. Hans,* 26 Tex. 445 (1863). The rule is well established that the general objection of "immaterial and irrelevant" amounts to no objection at all. *Bridges v. City of Richardson,* 349 S.W.2d 644 (Tex. Civ.App.—Dallas 1961) writ ref'd n. r. e.; per curiam, 163 Tex. 292, 354 S.W.2d 366 (1962); *In re Boultinghouses' Estate,* 267 S.W.2d 614 (Tex.Civ.App.—El Paso 1954,

writ dism'd); *Easley v. Brookline Trust Co.,* 256 S.W.2d 983 (Tex.Civ.App.—Amarillo 1952, no writ). In conclusion, we overrule appellant's first two points of error.

In the third point of error, appellant contends that appellee, A. J. Davis, perjuriously and fraudulently concealed the true weight of the pipe in question and therefore, a new trial should be granted because newly discovered evidence will show that the true weight of the pipe was much greater than appellee testified to both in deposition and at trial. In appellant's amended motion for new trial, appellant alleged that appellee A. J. Davis testified that the pipe weighed only two hundred pounds and could be lifted by one worker; that the pipe actually weighed 588 pounds based on City of Houston regulations which require that sewer pipe be a specified diameter and thickness; [1] that the actual weight of the pipe could not be ascertained before trial because the City of Houston could not find the sewer regulations and because Columbia Gas Transmission Company, owner of the situs of the accident, gave their only copy of said regulations to appellee and said regulations were then either burned or lost; that an old copy of said regulations was discovered after trial; and that the disparity in the weight of the pipe was calculated to cause and probably did cause the rendition of an improper verdict.

■ A new trial based upon newly discovered evidence in a civil proceeding will not be granted unless the following indispensable elements are present: (1) admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon; (2) the party seeking a new trial must show that there was no notice of the existence of such evidence prior to the time of trial; (3) that due diligence had been used to procure the evidence prior to trial; (4) that the evidence is not merely cumulative to that already given and does not tend only to impeach the

---

1. Appellant alleges that City of Houston regulations require sewer pipe to be at least 15 inches in diameter and 2¼ inches thick and asked that the trial court take judicial notice of the fact that such pipe weighs 147 pounds per foot.

testimony of the adversary; and (5) the evidence would probably produce a different result if a new trial were granted. *Chambers v. Lee,* 566 S.W.2d 69, 72 (Tex. Civ.App.—Texarkana 1978, no writ); *In re Y,* 516 S.W.2d 199, 205–6 (Tex.Civ.App.— Corpus Christi 1974, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, §§ 18.16.1– 18.16.5 pp. 285, et seq. Furthermore, it is within the sound discretion of the trial judge whether to grant a new trial upon newly discovered evidence and, unless an abuse of discretion is shown, the decision will not be disturbed on appeal. *Buhidar v. Abernathy,* 541 S.W.2d 648, 652 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.); *Mercer v. Mercer,* 503 S.W.2d 395 (Tex. Civ.App.—Corpus Christi 1973, no writ). We find that the trial court did not abuse its discretion in failing to grant a new trial.

The due diligence requirement is not satisfied if it appears that the same effort used to procure the testimony subsequent to trial would have had the same result if exercised prior to trial. *Dorbandt v. Jones,* 492 S.W.2d 601, 603 (Tex.Civ.App. —Austin 1973, writ ref'd n. r. e.); *Vance v. Obadal,* 256 S.W.2d 139, 142 (Tex.Civ.App. —El Paso 1953, writ ref'd); McDonald, supra § 18.16.3 at 287. The record reveals no reason why the old records, if indeed they accurately establish the true weight of the sewer pipe, could not have been obtained prior to trial. The very manner in which the regulations were obtained is indicative of their availability. *Bonham v. Baldeschwiler,* 533 S.W.2d 144, 148 (Tex.Civ.App. —Corpus Christi 1976, writ ref'd n. r. e.). However, to support his assertion of due diligence, appellant argues that the fraudulent conduct of appellee A. J. Davis prevented him from acting with due diligence to obtain the newly discovered evidence. See *Steed v. Winder,* 130 S.W.2d 403 (Tex. Civ.App.—Galveston 1939, no writ).

After a careful examination of the record, we are unable to find any evidence of fraud. Appellee A. J. Davis testified that he did not know how much the pipe weighed but that it was a "pretty heavy pipe" and "wouldn't weigh over 200 at the most." Appellant testified that he did not know how much the pipe weighed but that it took a tow motor to put the pipe in appellees' truck. Appellant has failed to show that appellee was guilty of intentional fraud or willful and premeditated perjury; appellant has merely offered unsubstantiated allegations that appellee knew the weight of the pipe was almost 600 pounds. Moreover, notwithstanding the allegations in appellant's amended motion for new trial that the old sewer regulations required a specific type of pipe, there is no showing that the pipe in question conformed to these regulations or that these regulations were in force at the time of the accident.

Since in our opinion appellant did not act with due diligence in acquiring the newly discovered evidence, we hold that the trial court did not abuse its discretion in overruling appellant's motion for new trial.

We have carefully considered all of appellant's points of error and they are overruled. The judgment of the trial court is affirmed.