The defendant was charged, tried, and found guilty of the 24th of March, 1981 murder of Junior Foods Store clerk Janice Brooks in Roanoke. She was sentenced to life imprisonment.
The defendant's only issue on appeal concerns itself with several questions propounded to her by the State on cross examination. *Page 933 
Prior to trial, she had obtained a ruling from the trial court on a "motion in limine" prohibiting the State "from introducing, attempting to introduce, questioning about or making any reference to any witness which would elicit or cause statements to be made with respect to . . . any reason as to why Melvina McDaniel was dismissed from employment with Junior Food unless the person making such statements was the person who in fact dismissed her or was directly involved in the dismissal of Mrs. McDaniel from the Junior Food Store."
The defendant argues that the State violated the order of the trial judge granting the motion by attempting to elicit on cross examination that which the ruling sought to prohibit. However, we find that the defendant, during her direct examination, placed the issue of her termination before the jury. We quote from her direct examination:
 "Q. Where was your most recent employment prior to this time?
"A. Junior Food Store 146 on Luanna Road.
"Q. How long had you worked there Mrs. McDaniel?
"A. A little bit over a year.
 "Q. And in what capacity did you serve at that Junior Food Store?
 "A. I started out as a regular clerk part-time, and then to Assistant Manager and then Manager.
 "Q. Approximately how long did you stay as Manager of the Junior Food?
 "A. About four or five months, I believe, I'm not sure of that either.
 "Q. Were you manager at the time you left the employment of Junior Food?
"A. Yes, sir.
 "Q. Why did you leave the employment of Junior Food?
 "A. Well, we had a lot of problems of shortages of inventory, and the Managers and the men from Panama City had told our District Managers unless the Managers of each store could bring their inventory up, to let the Manager go because evidently they weren't good enough managers to keep the inventory up.
 "Q. So, you were terminated because you couldn't keep your inventory up.
 "A. That's what Ruby Gosby told me when I left that day."
On cross examination the State made the following inquiry:
 "Q. Isn't it a fact that you were mad at Junior Foods because they fired you?
"A. No, I wasn't, I asked them to.
"Q. You asked them to fire you.
"A. Exactly.
 "Q. Isn't it a fact that you were short over a period of six weeks over $3,000.00 dollars and that's why they fired you?
"JOHN TINNEY (Defense Counsel): Judge, I object —
"A. — You can't prove that.
 "JOHN TINNEY: Just a minute Mrs. McDaniel. There's no evidence whatsoever and he's been previously instructed concerning that. I object to it and ask you to instruct the jury to disregard that remark by Mr. Gavin.
 "COURT: Well, it assumes a fact that is not in evidence, sustain the objection.
 "Q. State whether or not it is a fact you were short over $3,000.00 dollars and that's why you were fired.
 "JOHN TINNEY: Judge, I object for the same reason, that is stating a fact that is not in evidence.
"COURT: Sustained."
Regardless of whether the trial judge's ruling on the motion in limine[1] *Page 934 
preserved any alleged error for review, once the defendant injected the subject of her termination of employment into the trial during her direct examination, she opened it for further inquiry by the State. Travis v. State, 397 So.2d 256
(Ala.Cr.App.), cert. denied, 397 So.2d 265 (Ala. 1981). "A party who has brought out evidence on a certain subject has no valid complaint as to the trial court's action in allowing his opponent or adversary to introduce evidence on the same subject." Brown v. State, 392 So.2d 1248, 1260 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1266 (Ala. 1981). See also Smithv. State, 183 Ala. 10, 62 So. 864 (1913); Gordon v. State,129 Ala. 113, 30 So. 30 (1901); Morgan v. State, 88 Ala. 223,6 So. 761 (1889); C. Gamble, McElroy's Alabama Evidence, Section 180.01 (8) (3rd ed. 1977). "A defendant may not by his own voluntary conduct invite error and then seek to profit thereby." Sullivan v. State, 394 So.2d 76, 81 (Ala.Cr.App. 1981).
Further, we note that the trial court ruled favorably on the defendant's objections to the State's questions. In addition, no direct answers were given to them. Thus, the State elicited no testimony which the defendant had previously sought to prohibit.
Based upon the foregoing authorities, we find nothing from which the defendant may complain. The judgment of conviction is hereby affirmed.
AFFIRMED.
All Judges concur.
[1] While a motion in limine is available in Alabama, Acklin v.Bramm, 374 So.2d 1348 (Ala. 1979), it is unclear whether it serves as a final ruling upon the ultimate admissibility of evidence. If it does not, then an objection at trial is necessary to preserve error for review. See Department ofPublic Works and Buildings v. Roehrig, 45 Ill. App.3d 189, 3 Ill.Dec. 893, 359 N.E.2d 752 (1976); Lagenour v. State,268 Ind. 441, 376 N.E.2d 475 (1978); State v. Spahr, 47 Ohio App.2d 221, 353 N.E.2d 624 (1976); Wilkins v. Royal Indemnity Company,592 S.W.2d 64 (Tex.Civ.App. 1979); Ottis v. Haas,569 S.W.2d 508 (Tex.Civ.App. 1978); Redding v. Ferguson, 501 S.W.2d 717
(Tex.Civ.App. 1973); Annot., 63 A.L.R.2d 311 (1975). See generally State v. Rodriguez, 126 Ariz. 28, 612 P.2d 484
(1980); Burrus v. Silhavy, 155 Ind. App. 558, 293 N.E.2d 794
(1973). For an excellent discussion of the motion see Gendronv. Pawtucket Mutual Insurance Company, 409 A.2d 656 (Me. 1979).