TAYLOR, Judge.
Wilma Jean Turner was sentenced to two years’ imprisonment for the sale of drugs, and her sentence was suspended. The facts in the case indicate that a Montgomery Police Department narcotics officer, Glenn Caffey, went with an informant to 530 Smythe Curve in Montgomery, to purchase drugs. He knocked on the door and Mrs. Turner stuck her head out of an upstairs bedroom window. She inquired what he wanted, and he told her he wanted “to cop some weed.” She allowed Officer Caf-fey to enter the apartment, and the sale and the quantity of the drugs were discussed. Thereafter, Mrs. Turner went upstairs and came back with a brown envelope and gave it to Caffey in exchange for $10. Caffey estimated that this visit lasted from 3 to 5 minutes.
Caffey went back to Smythe Curve four other times. On each occasion he saw and talked with and dealt with Mrs. Turner. His second visit was abbreviated because Mrs. Turner told him she did not have any “weed.” However, on the other occasions, he testified, he had at least 3 to 8 minutes to observe Mrs. Turner.
This case is appealed on grounds of an impermissibly suggestive out-of-court identification, giving rise to a substantial likelihood of irreparable misidentification, thereby tainting the in-court identification. The facts, however, seem to indicate that there existed a misunderstanding between counsel, which resulted in a one-on-one show up. The parties had agreed to a standard lineup to give Caffey an opportunity to see if he could pick Mrs. Turner out of a line-up. *666 Then the line-up was cancelled. Neither Officer Caffey nor the defense attorney knew the line-up had been cancelled. At the police station, defense counsel agreed with the police that a one-on-one show up be conducted. The officer was not to be informed of the reason for his trip to the station, and they would find out whether he would be able to correctly identify Mrs. Turner. The defense counsel remained out of sight so as to give no hint to the officer as to whom he might be viewing. The officer immediately recognized Wilma Turner, but later testified that he suspected the person to be identified might have been she since he had talked with the district attorney about a possible line-up.
Counsel in a well prepared brief correctly states the taw regarding suggestive out-of-court confrontations and tainted in-court identifications. The stratagem agreed to might very well have exonerated Mrs. Turner of any criminal liability in this case. With the identity of the seller of the marijuana being the only issue, the procedure settled on was a calculated, but justifiable, risk. Its failure, however, did not give rise to reversible error. As this court said in Jones v. State, 415 So.2d 1233 (Ala.Cr.App. 1982) at 1235:
“While any show up is suggestive by its very nature, Brazell v. State, 369 So.2d 25 (Ala.Cr.App.1978), cert, denied, 369 So.2d 31 (Ala.1979), the question is whether the one-on-one confrontation was ‘unnecessarily’ or ‘impermissibly’ suggestive. Brazell, 369 So.2d at 28. We do not find this to be the case here. A defendant may not request a show up and then seek to profit by attacking the validity of the pretrial identification under the circumstances presented here.”
Since there was agreement to the one-on-one show up, neither party may profit by claiming the procedure was improper, since such would be classified as invited error. See, McDaniel v. State, 418 So.2d 932 (Ala. Cr.App.1982). Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.