MARY'S OPINION HEADING 









                                                NO.
12-06-00361-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN RE: STEPHANIE
WILLIAMS   §                      

 

a/k/a STEPHANIE SCHOLLER      §                      ORIGINAL
PROCEEDING

 

AND
TIM WILLIAMS          §                      

                                                                                                                                             
              

MEMORANDUM
OPINION

            Relators, Stephanie Williams (also known as Stephanie
Scholler) and Tim Williams, petition for a writ of mandamus ordering the trial
court “to enforce the subpoena duces tecum served by the relators prior to the
hearing on their motion for new trial and to command either production of the
subpoenaed records or an in-camera inspection of those records so they may be
included in the record on appeal.”[1]  We
deny the petition.  

 

Background








            Relators filed a motion for new trial in the underlying
lawsuit contending that the real parties in interest, William Colthurst and
Yoko Colthurst (“Real Parties”), committed intrinsic fraud by presenting false
testimony regarding their attorneys’ fees in the underlying suit.  Before the hearing on the motion for new
trial, Relators served Real Parties’ counsel and his firm’s records custodian
with a subpoena duces tecum seeking relevant billing information regarding Real
Parties’ attorneys’ fees.  Real Parties
moved for a protective order and to quash the subpoenas contending the material
sought was protected by the attorney-client privilege and that Relators’
discovery request was too broad.  The
respondent trial court granted Real Parties’ motion to quash the subpoena duces
tecum and their motion for protective order. 
Relators presented no evidence of intrinsic fraud at the hearing on
their motion for new trial, and the respondent denied their motion for new
trial.[2]

            

Availability of Mandamus

            Mandamus is appropriate if the trial court has abused its
discretion and the relator has no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
A trial court abuses its discretion when it acts without reference to
any guiding rules or principles or, stated another way, when it acts in an
arbitrary and unreasonable manner.  City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex.
2003).  It is well established that the
burden is on the relator to prove affirmatively all facts necessary for
entitlement to the writ.  Comm’r of
Gen. Land Office v. Smith, 5 Tex. 471, 483-84 (1849).

Discussion

            Relators introduced no evidence of intrinsic fraud in
conjunction with their motion for new trial on that ground, but sought to
discover new evidence that might support their motion.  Relators previously attempted to introduce at
trial evidence of the same character as that sought in conjunction with their
motion for new trial.  Relators, however,
did not seek discovery of the evidence during the discovery period set out in
the trial court’s discovery order, nor did the evidence appear on their witness
or exhibit lists.  The trial court
excluded the evidence at trial.  Relators
contend that the disclosure of the plaintiff’s billing records was the only
means available to obtain evidence supporting the ground alleged in their
motion for new trial and that the respondent abused his discretion in quashing
the subpoena for production of the records and in denying their motion for new
trial.  They maintain that under Texas
Rule Civil Procedure 166 (b)(2), evidence is presumed discoverable, and they
insist that the truth of their accusations of intrinsic fraud contained in
their motion for new trial should be assumed by this court.  They ask that we further assume the evidence
subpoenaed by Relators would have confirmed the falsity of the testimony on
which the jury relied in awarding attorneys’ fees. 

            Real Parties counter that, even if the evidence sought by
Relators is not privileged, its discovery is barred under the trial court’s
order governing discovery in this case. 
They point out that the trial court denied Relators’ attempt to elicit
such evidence at trial, because Relators had not listed the proposed witness
and exhibit on their witness and exhibit lists as required under the court’s
discovery order.  Real Parties argue
further that Relators cannot move for a new trial based on evidence excluded at
trial, but only on the basis of newly discovered evidence.  In seeking a new trial on the basis of newly
discovered evidence, the movant has the burden of establishing the following
elements:

 

1.             Admissible,
competent evidence must be introduced on the hearing of the motion for new
trial showing the existence of the newly discovered evidence relied upon[;]

 

2.             The
moving party must show he or she had no notice of the existence of such
evidence prior to the time of trial[;]

 

3.             The
moving party must show that due diligence had been used to procure the evidence
prior to trial[;]

 

4.             The
moving party must show that the evidence is not merely cumulative to that
already given and does not tend only to impeach the testimony of the
adversary[; and]

 

5.             The
moving party must show that the evidence would probably produce a different
result if a new trial were granted.

 

Dankowski v. Dankowski, 922
S.W.2d 298, 305 (Tex. App.–Fort Worth 1996, writ denied).

            Relators respond that they did not seek a new trial on
the basis of newly discovered evidence but on the ground of intrinsic fraud and
that the trial court’s order quashing to the subpoenas and granting a
protective order foreclosed their obtaining evidence that might have supported
their contentions.  Relators insist that
their lack of diligence in seeking evidence relating to Real Parties’ attorneys’
fees is excused under the rationale set out in 
Steed v. Winder, 130 S.W.2d 403 (Tex. Civ. App.–Galveston
1939, no writ), and Dixie Gas & Fuel Co. v. Jacobs, 47 S.W.2d
457 (Tex. Civ. App.–Beaumont 1932, writ dism’d w.o.j.).  

            In Steed, the court rejected
the appellee’s contention that the new evidence accompanying the motion for new
trial was cumulative and that the appellant had not exercised diligence in
obtaining it.  The court reasoned that 

 

[w]hile
the newly discovered evidence may be regarded as cumulative, and while it may
be that the proper diligence was not exercised to produce it upon the trial, we
think that in a case like this, where a verdict is shown to rest alone upon the
false testimony of a party at interest, the rules in regard to cumulative
testimony, and the failure to exercise due diligence to procure it, should not
be applied against a party who has been deprived of property to which he had
absolute title of which he could not be divested but for testimony of the
adverse party, which was show to be absolutely untrue.

 

 

Steed, 130
S.W.2d at 405.  Failure to exercise due
diligence, however, cannot be excused on the ground of false testimony where
there is, in fact, no showing of fraudulent misrepresentation or concealment by
the adverse party.  Wilkins v.
Royal Indem. Co., 592 S.W.2d 64, 69 (Tex. Civ. App.–Tyler 1979, no
writ).

            Relators seek to avoid satisfying the five elements
necessary to obtain a new trial based on newly discovered evidence by
contending they sought a new trial on the basis of intrinsic fraud and not on
the ground of newly discovered evidence. 
An allegation of intrinsic fraud, however, must still be supported by
evidence.  In the two cases relied on by
Relators, Dixie Gas & Fuel Co. v. Jacobs and Steed v.
Winder, the appellate courts held that, despite the appellants’ failure
to show diligence, the trial court erred in not granting a new trial based upon
the appellants’ showing that the jury’s verdict was based upon perjured
testimony.  Dixie Gas & Fuel,
47 S.W.2d at 461; Steed, 130 S.W.2d at 405.  In each of those cases, however, the
appellants presented with their motion for new trial affidavits from competent
witnesses available to testify who swore to facts that demonstrated almost
beyond doubt that the verdicts rested on perjured testimony.  Dixie Gas & Fuel, 47 S.W.2d
at 457-61; Steed, 130 S.W.2d at 404.  In one of the cases, it was shown that the
plaintiff appellee was under indictment for perjury alleged to have been
committed in the same case.  See Dixie
Gas & Fuel, 47 S.W.2d at 462. 
While the two cases hold that the diligence requirement is relaxed in
such situations, they do not relax the requirement that “admissible, competent
evidence be introduced showing the existence of the new evidence relied upon to
support the motion for new trial.  Wilkins,
592 S.W.2d at 68.  

            Relators in this case made no such showing in their
motion for new trial, but brought only unsupported allegations of perjury that
they hoped to substantiate through further discovery.  Relators knew of the evidence they now seek
during the court ordered discovery period, but failed to obtain it.  Accordingly, we conclude that the trial court
did not abuse its discretion in denying discovery beyond the limits set out in
its discovery order.  Nor did it abuse
its discretion in denying Relators’ motion for new trial based on unsupported
allegations of perjury.  Moreover, we
have found no case in which a denial of postjudgment discovery was reviewed by
mandamus except in the case of discovery proceedings in aid of judgment.

 

Disposition

            Relators’ petition for writ of mandamus is denied.  All pending motions are overruled as moot.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

Opinion
delivered April 30, 2007.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

                        

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The underlying appeal was filed in this
court on March 13, 2006 and docketed as our cause number 12-06-00088-CV.  Pursuant to a docket equalization order
issued by the Texas Supreme Court, the appeal was transferred to the Eleventh
District Court of Appeals in Eastland on April 20, 2006.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005).  





[2] The respondent is the Honorable John R.
Adamson, sitting by assignment in the 321st Judicial District Court, Smith
County, Texas.