

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00753-CV

Robert **SCHRADE**,
Appellant

v.

Stephen E. **EARLE,** M.D. and Stephen E. Earle, M.D., P.A.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-03779
Honorable Laura Salinas, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

The sole issue presented in this appeal is whether the trial court erred in denying appellant, Robert Schrade, an evidentiary hearing on his motion for new trial. We affirm the trial court's judgment.

### BACKGROUND

Schrade sued appellees, Stephen E. Earle, M.D. and Stephen E. Earle, M.D., P.A., asserting that Earle was negligent in performing an unnecessary surgery on his neck, specifically at the C4-C5 level. Earle testified that an intraoperative discography established the necessity of the surgery

at that level. Earle testified that dye was injected at the C4-C5 level during the intraoperative discography, and the dye leaked out from the disc at that level. Schrade introduced into evidence the radiologist's report from the discography which was performed at the C3-C4, C4-C5, and C5-C6 levels. Although the radiologist mentions dye leaking at the C3-C4 level,[1] the radiologist does not mention an injection or leaking of the dye at the C4-C5 level[2] or C5-C6 level.[3] Schrade used the radiologist's report to discredit Earle's testimony. Despite the radiologist's report, Earle maintained that the dye was injected at the C4-C5 level and leaked, and that the discography film would support his testimony. Toward the end of cross-examination, Schrade sought to introduce the discography film into evidence in an effort to further impeach Earle's testimony. The trial court excluded the film because the film had not been produced during discovery.

Attached to Schrade's motion for new trial was an affidavit from his expert. In the affidavit, the expert stated that the discography film did not show any evidence of injected dye at the C4-C5 and C5-C6 levels. Based on the affidavit, Schrade's motion asserted that Earle committed perjury in testifying that the discography showed that dye leaked at the C4-C5 level.[4]

## DISCUSSION

A trial court is required to conduct a hearing on a motion for new trial only if the motion "alleges facts, which if true, would entitle the movant to a new trial." *Hensley v. Salinas*, 583

---

[1] The "Description" section of the report for this level states, "A single cross-table lateral view was obtained." The "Findings" section of the report for this level states, "An endotracheal tube is in place. A needle overlies the C3-C4 intervertebral disk. Contrast has been injected. Some posterior extravasation is observed."

[2] The "Description" section of the report for this level states, "A single cross-table lateral view was obtained. An endotracheal tube is in place. A needle overlies the anterior aspect of the C4-C5 intervertebral disk." The report for this level contains no "Findings" section.

[3] The "Description" section of the report for this level states, "A single cross-table lateral view was obtained. An endotracheal tube is in place. A needle now overlies the central aspect of the C5-C6 intervertebral disk." The report for this level contains no "Findings" section.

[4] No affidavit from the radiologist was attached to Schrade's motion. At the hearing on the motion for new trial, the attorneys disagreed about what the radiologist would say, with Earle's attorney stating, "Judge, I will tell you I am very constraining [sic] to listen to his [Schrade's attorney] versions of trying to tell you what a witness would say when our office has spoken to [the radiologist] and when [the radiologist] would not say the things that he's purporting he would say. And so I'm — I will tell you that he's not the only people that have talked to [the radiologist]."

S.W.2d 617, 618 (Tex. 1979). In this case, Schrade contends an evidentiary hearing was required because he alleged that Earle falsely testified that dye was injected during the discography procedure at the C4-C5 level which leaked. In short, Schrade alleges that Earle's perjury was newly discovered evidence.

Schrade candidly admits in his brief that he cannot satisfy the requirements necessary for a new trial based on newly discovered evidence. Those requirements include showing: (1) the evidence came to the movant's knowledge after the trial; (2) "it was not owing to the want of due diligence that it did not come sooner;" (3) the evidence is not cumulative; and (4) the evidence "is so material that it would probably produce a different result if a new trial were granted." *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds*, *Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003); *Neyland v. Raymond*, 324 S.W.3d 646, 652 (Tex. App.—Fort Worth 2010, no pet.); *In re C.Z.B.*, 151 S.W.3d 627, 632 (Tex. App.—San Antonio 2004, no pet.). "The due diligence requirement has not been met if the same diligence used to obtain the evidence after trial would have had the same result if exercised before trial." *Neyland*, 324 S.W.3d at 652. Schrade concedes that he cannot satisfy the due diligence requirement because the evidence he sought to introduce at the motion for new trial hearing could have been obtained before trial. During trial, Schrade's expert testified about the intraoperative discography having been performed, and the radiologist's report from the discography was admitted into evidence at trial in an effort to discredit Earle's testimony. Schrade even attempted to introduce into evidence the discography film which the trial court excluded based on the discovery rules.[5]

---

[5] The record does not demonstrate that the trial court's ruling would have precluded Schrade from calling the radiologist or the radiology technologist as witnesses; however, from the record before us, it does not appear that Schrade made an effort to do so.

Citing two cases from the 1930's issued by two of our sister courts, Schrade contends that he was not required to satisfy the due diligence requirement in order for the trial court to be required to hold an evidentiary hearing in this case because he alleged Earle's testimony was perjured. *See Steed v. Winder*, 130 S.W.2d 403 (Tex. Civ. App.—Galveston 1939, no writ); *Dixie Gas & Fuel Co. v. Jacobs*, 47 S.W.2d 457 (Tex. Civ. App.—Beaumont 1932, writ dism'd w.o.j.). The only affidavit Schrade presented with his motion for new trial is the affidavit of his expert, who stated that the discography film did not show any evidence of injected dye at the C4-C5 level. Not surprisingly, the trial testimony of Schrade's expert and Earle was also contradictory in their interpretation of the preoperative MRI and x-rays. Evidence that Schrade's expert disagreed with Earle in interpreting the discography film does not establish perjury. This distinguishes the instant case from the cases cited by Schrade in which "the appellants presented with their motion for new trial affidavits from competent witnesses available to testify who swore to facts that demonstrated almost beyond doubt that the verdicts rested on perjured testimony." *In re Williams*, No. 12-06-00361-CV, 2007 WL 1241517, at *3 (Tex. App.—Tyler Apr. 30, 2007, orig. proceeding) (mem. op.). Therefore, even assuming a trial court is required to conduct an evidentiary hearing on a motion for new trial where the affidavits attached to the motion demonstrate "almost beyond doubt that the verdicts rested on perjured testimony," no such affidavits were presented in the instant case.

The facts alleged in Schrade's motion for new trial and the attached affidavit would entitle Schrade to a new trial only if he was able to satisfy the requirements for a new trial based on newly discovered evidence. Because the record establishes, and Schrade concedes, that he cannot satisfy those requirements, the trial court did not err in refusing to conduct an evidentiary hearing on Schrade's motion.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice