## COCA COLA BOTTLING CO. OF FORT WORTH v. TANNAHILL.

### No. 15197.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 8, 1950.

Rehearing Denied Jan. 5, 1951.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Charles L. Stephens, Fort Worth, for appellant.

Clark & Craik, Fort Worth, for appellee.

HALL, Justice.

This appeal is from a judgment rendered in the district court of Tarrant County, Texas, against appellant Coca Cola Bottling Company of Fort Worth, and in favor of O. T. Tannahill, appellee.

Appellee alleged he was due damages from appellant for personal injuries he sustained as a result of nicotine poisoning incurred by drinking one of appellant's coca colas, containing the unsmoked portion of a cigar.

Appellant's first point is addressed to error of the trial court in permitting appellee's medical expert on direct examination to read from a medical text.

■ It is the law in Texas that a party may not, over objection, introduce medical books as direct evidence to prove the truth of statements therein contained. See Bowles v. Bourdon, Tex.Sup., 219 S.W.2d 779, 13 A.L.R.2d 1; St. Louis, A. & T. Ry. Co. v. Jones, Tex.Sup., 14 S.W. 309. At least appellee concedes the trial court would no doubt have sustained an objection if it had been properly made.

Appellant's objection to appellee's expert witness' reading from a medical textbook upon direct examination, together with testimony pertaining to such objection, is as follows:

"Mr. Gooch: Now, if the Court please, before reading from this authority, in the first place assuming it is an authority, I am not questioning that, but before the doctor can testify hypothetically here or testify from the authority, I think the quantum of proof is not present in this record. There has been no showing of how much nicotine was taken into the body and, therefore, it would be wholly irrelevant to any dissertation on the doctor's part, not knowing the amount of nicotine consumed and until such time as that quantum is established, I will object. Let me ask the doctor a question on voir dire for the purpose of my objection?

"The Court: Yes.

"By Mr. Gooch:

"Q. The quantum of nicotine could vary from an infinitesimal point like the draw on a cigarette up to large quantities. Wouldn't you have to know something about the quantum? A. I have tried to pick out an article here that meets that.

"Mr. Gooch: Our objection still stands until such time as the proof shows in this case the amount of nicotine taken into the system.

"The Court: I overrule the objection.

"Mr. Gooch: Note our exception."

We do not find appellant objected to admissibility of the medical authority, as such, but we find its objection to be conditional, in that the witness should first testify to the quantum of nicotine taken into appellee's body before said medical authority became admissible. The trial court evidently thought such condition upon which said objection was based did not present error.

■■ Objections to evidence must specify the ground of objection in order to make them available on appeal, unless the ground is so plain that a general objection is quite sufficient to indicate it. However, in the case at bar appellant's objection was not one of a general nature, as its brief implies. See 3A Tex.Jur., p. 210, sec. 165; 41 Tex.Jur., p. 909, sec. 144.

We overrule appellant's point one.

Appellant's second point is as follows: "The error of the court in allowing plaintiff's expert medical witness, over defendant's proper objection, to testify in answer to hypothetical questions and to read from a medical text when there were no facts ever introduced to support the presumption upon which such hypothetical answers were necessarily based."

■ We have answered a portion of this point, but as to its latter part directed to failure of appellee's evidence to support a presumption upon which hypothetical answers were based, pertaining to the illness and injuries which appellee received from drinking nicotine, we will note the following: Appellee's testimony is in substance that tobacco contains nicotine, which is a poison to the human body; that nicotine had left the cigar and was in the liquid contents of the bottle which appellee drank; that appellee became violently ill within less than thirty minutes after he had drunk from the bottle, his stomach became tightly swollen, accompanied with intense pain, necessitating calling of the doctor, who prescribed an emetic for his comfort; that

226

since said time he has not been able to eat anything except liquids and soups; that after seven months his condition is not better but worse.

We think the evidence is sufficient on which to base hypothetical questions pertaining to nicotine and its effect upon the human body. Appellant's second point is overruled.

Appellant's third, fourth and fifth points concern error of the trial court in granting appellee judgment based upon certain jury findings because the evidence was incompetent and insufficient to support same.

Appellant's main argument is, first, that the doctor should have testified as to how much nicotine appellee took into his stomach, and, second, that appellee had been treated by this doctor for some two or three years prior to this event for heart trouble and other vital organ trouble, and therefore, no distinguishable effect noticeable in appellee's condition immediately after he drank the alleged coca cola which contained nicotine and that prior thereto. Viewing the testimony in its most favorable light to the judgment, we find we cannot agree with appellant's theory. Dr. Morris testified to the effect that appellee's having taken nicotine into his stomach, such would be injurious and make his condition worse. He believed appellee took into his system nicotine and it gave him a rather terrific jolt, which resulted in bringing on his old trouble again. This, together with testimony heretofore discussed, is in our opinion sufficient to support the trial court's judgment, and we overrule these points.

Appellant's sixth point is: "The error of the court in refusing to grant defendant's motion for mistrial when plaintiff's expert witness injected into the case the poor financial condition of the plaintiff."

While appellee was proving his medical bills, his doctor made a statement on the witness stand to the effect that he did not charge appellee for telephone calls and did not charge him his regular fee on other occasions because he knew his financial condition. Appellant made an objection and the trial court promptly sustained the

objection and instructed the jury not to consider same for any purpose.

While we recognize the general rule is that testimony concerning the financial condition of either party is inadmissible in personal injury actions and in most any other kind of civil case, yet by the mere mentioning of such matter, as was done in this case, we are of the opinion the error was cured by the court's sustaining the objection and instructing the jury not to consider. We overrule this point of error.

Appellant's point seven is directed to this court because the judgment is excessive and should be reduced. Appellant does not cite authority to support its contention that the verdict of $1,100 is excessive and, under the facts in this case, we do not find same to be excessive.

Judgment of the trial court is affirmed.