## WILMOTH v. LIMESTONE PRODUCTS CO.
### No. 3070.

Court of Civil Appeals of Texas. Waco.
Feb. 13, 1953.

Rehearing Denied March 5, 1953.

H. J. Cureton, Jr., Meridian, Scott, Wilson & Cureton, Waco, for appellant.

W. Roy Anderson, Cleburne, for appellee.

HALE, Justice.

Appellant owns 23 acres of land situated near the city limits of Cleburne upon which he and his wife reside. Appellee, having acquired a 4 acre tract adjoining the land of appellant, erected a limestone products plant on its property, the plant being located a distance of 50 feet from appellant's property line and 244 feet from his residence. Appellee began operation of its plant in July, 1948 and has continued since that time to operate the same day and night. Appellant brought this suit for damages on the ground that the operation of appellee's plant, under the circumstances set forth in his petition, constituted a private nuisance. He alleged that such nuisance was permanent in character and that as a result thereof the value of his land and improvements had been depreciated in the sum of $21,850, and that he and his wife had sustained further damages in the sum of $10,000 on account of their personal annoyance and discomfort in the use of their home; and, in the alternative, he further alleged that if the nuisance was not permanent, it was temporary. He prayed that such operation be adjudged a permanent private nuisance and, in the alternative, if it should be found to be a temporary nuisance, that in either event he be awarded such appropriate damages as he was entitled to receive. Appellee answered with a general denial and affirmatively pleaded in effect that if the operation of its plant constituted a nuisance, the same was only a temporary and not a permanent nuisance.

The case was tried before a jury. In answer to special issues the jury found that appellee, in the normal operation of its plant, permits limestone dust, gases and foreign material to be discharged and escape so that they are carried in substantial quantities by the wind and air currents onto the property of appellant; that such condition constitutes a nuisance, as defined by the court; that such nuisance is temporary rather than permanent; and that appellant and his wife had suffered damages in the sum of $750 from personal discomfort, annoyance and inconvenience and the loss of the enjoyment of their home by reason of such temporary nuisance. Thereupon, the court rendered judgment in favor of appellant and against appellee for $750.

Under the three points upon which his appeal is predicated, appellant says the court erred (1) in admitting, over his timely objections, testimony on behalf of appellee to the effect that it was in extremely poor financial condition, that it had never made a profit in the operation of its plant and that it owed large amounts of money; and in overruling his objections to improper argument of counsel for appellee to the jury, wherein the counsel stated (2) "I am fighting for the very life of this company" and (3) "The plaintiff is here seeking to enrich himself at the expense of others."

The record discloses that during the trial of the case appellee introduced evidence tending to show that the discharge of limestone dust, gases and foreign materials from the operation of its plant could be substantially reduced if not completely eliminated by the installation of dust controlling equipment, and that it was the intention of appellee's officers to install such equipment in the near future. Appellee was further permitted to prove by several wit-

nesses, over timely objection interposed by appellant, that it had not installed such equipment because of its financial condition; that it had been in poor financial straits since it began operations, had not made any profit on its operations and that it owed large sums of money; that it had stepped up its production shortly prior to the time of the trial and would soon be producing 100 tons per day and would then begin operating at a profit. The grounds of the objection interposed by appellant were that the testimony with respect to appellee's poor financial condition and its operation at a financial loss was immaterial and irrelevant to any issue in the case, and was prejudicial to his rights.

During the argument of the case to the jury counsel for appellee made the following statements: "I am fighting for the very life of the company" and "The plaintiff is here seeking to enrich himself at the expense of others." The bills of exception showing such remarks each disclose without any qualification that counsel for appellant objected to the same at the time when each was made, on the ground that it was improper, prejudicial, inflammatory and harmful to appellant, and especially so because appellee had been permitted, over the objection of appellant, to prove that it had been operating at a loss and had no money. Each bill further discloses that appellant moved the court in each instance to instruct the jury not to consider such remarks, but the court overruled such objections and motions and appellant in each instance excepted.

■ · As a general rule, the financial status of the parties to a tort action for damages is immaterial and irrelevant to the question of liability or to the amount of damages that may be recoverable and consequently any reference to the poverty or wealth of either party to such a suit, if made in the presence of the jury trying the case, is usually regarded as an improper appeal to the sympathy or prejudice of the jury. Hewitt v. Buchanan, Tex.Civ.App., 4 S.W.2d 169, pts. 26 and 27; Magnolia Petroleum Co. v. Guffey, Tex.Civ.App., 59 S.W.2d 174, pts. 4 and 5; Vaughan v. Kishineff, Tex.Civ.App., 63 S.W.2d 1081;

Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, pt. 14; Coca-Cola Bottling Co. of Ft. Worth v. Tannahill, Tex.Civ.App., 235 S.W.2d 224, pt. 6 (er. dis.). Under the record before us, we think this general rule is of controlling effect in its application to the testimony and arguments of which appellant complains.

■ Appellee's financial difficulties did not tend to throw any light upon the issue as to whether or not the operation of its plant constituted a nuisance or as to the amount of money that would reasonably compensate appellant for the injury and damages he had sustained as a result of the wrongful conduct of which he complained. It appears that the case was tried upon the theory that the depreciated value of appellant's land and improvements, if any, was an element of his recoverable damages only in the event he showed the nuisance of which he complained to be permanent in character. However, regardless of what the correct legal measure of appellant's recoverable damages might have been, neither the financial adversity or prosperity of appellee, nor the good or bad intentions of its officers in the operation of its plant, could have had any proper bearing upon or relation to a judicial determination of the question as to whether the nuisance was, in contemplation of law, a temporary rather than a permanent nuisance. The legal test as to whether the nuisance was temporary as distinguished from being permanent in its nature, was whether it could be abated at a reasonable cost, and not whether its actual abatement was or was not feasible or convenient to appellee at or prior to the time of the trial. 31 Tex.Jur. p. 414, Sec. 5; 66 C.J.S., Nuisances, § 5, p. 735; Missouri-K. & T. Ry. Co. of Texas. v. Anderson, Tex.Civ.App., 194 S.W. 662; City of Austin v. Bush, Tex.Civ.App., 260 S.W. 300.

The testimony given by various officials of appellee over the repeated objections of appellant as to their intention to abate the nuisance in the future, when considered in connection with their testimony as to why the nuisance had not been abated in the past, was reasonably calculated to influence the jury to find that the nuisance was only

temporary, and to find a small amount of damages. Under the competent evidence which was properly admitted during the trial, the jury could have found that the nuisance was permanent, and that the amount of appellant's compensatory damages resulting therefrom was far in excess of $750. Furthermore, the statements of counsel for appellee to the jury that he was "fighting for the very life of the company", and that appellant was "seeking to enrich himself at the expense of others" were each clearly calculated to aggravate and intensify the harmful effect of the testimony which had been improperly admitted for the consideration of the jury. Humphreys v. Roberson, Tex.Com.App. 125 Tex. 558, 83 S.W. 311; Armstrong v. Missouri-K & T. R. Co. of Texas, Tex. Civ.App., 233 S.W.2d 942, (er. ref. n. r. e.).

From what has been said, it follows that in our opinion the trial court erred to the prejudice of appellant in overruling and not sustaining his objections and motions relating to the testimony and arguments of which complaint is here made. Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for another trial.

Reversed and remanded.