The FIRST NATIONAL BANK OF MARSHALL, Texas, Trustee, et al., Appellants,

v.

J. W. BEAVERS, Jr., et al., Appellees.

No. 8880.

Court of Civil Appeals of Texas, Texarkana.

June 30, 1981.

Rehearing Denied July 28, 1981.

Doyle Curry, Jones, Jones & Bladwin, W. N. Dorsett, Marshall, for appellants.

Allen Weed, P. Talmage Boston, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellees.

HUTCHINSON, Justice.

Appellees, J. W. Beavers, Jr., Mildred L. Bowden and C. H. Bowden, instituted this suit against appellants, The First National Bank of Marshall, Texas, as Trustee, and the International Paper Company, for the title and possession of a .201 acre tract of land and for actual and exemplary damages for the cutting and removal of the timber thereon. Trial was to a jury and based upon the jury's answers to special issues judgment was entered granting appellees title and possession of the .201 acre tract of land, $2,250.00 as actual damages for trespassing, and the cutting and conversion of the trees on the .201 acre tract of land, and $20,000.00 as exemplary damages for the willful and wanton conduct of the appellants in reckless disregard of appellees' rights to the property.

Appellant Bank serves as trustee for the Ruth Star Blake Trust. Some real property owned by the trust joins real property owned by appellees and a controversy arose as to the location of the boundary line between the two tracts. Appellees contend that the true boundary line is the center of an old roadbed and appellants contend that the boundary line is located along an existing fence. Evidence was produced showing that the Appellant Bank was aware of appellees' claim to the strip of land between the fence and the roadbed before and at the time it sold the timber on the strip, along with the timber on the remainder of its tract, to International Paper Company.

By the first point of error, it is asserted that the trial court committed reversible error in permitting testimony as to the wealth of the Ruth Star Blake Trust. In doing so it is pointed out that the court, over objection, permitted a witness to testify that the Trust holds between twenty-two hundred and three thousand acres of land although only a .201 acre tract, either a part of appellees' 84 acre tract or a part of the Trust's 129.4 acre tract, is involved in this suit. No evidence was offered as to the value of this total acreage. The case of *Texas Public Utilities Corporation v. Edwards*, 99 S.W.2d 420 (Tex.Civ.App.—Austin 1936, writ dism'd), is relied upon by appellants. There it was held that it was reversible error to argue the financial worth of the defendant, even though there was some evidence thereof in the record. In the instant case, appellees maintain that the number of acres held in the Trust was no indication of the net worth or value of the trust estate and that the *Edwards* case is not applicable to this case since no argument was here made to the jury as to the wealth of the Trust. The jury argument is not before this Court; however, appellants do not assert that worth of the Trust was mentioned in the jury summations. Yet, the great number of acres in the trust were in evidence along with the value per acre of timber upon the area involved in this suit and the jury was at liberty to consider all admitted evidence.

We hold that it was error for the court to permit the introduction into evidence of the number of acres in the trust as such was wholly immaterial and irrelevant to the question of ownership of the .201 acre tract of land or the value of the timber harvested therefrom and could bear only upon the financial status of the Trust. *Wilmoth v. Limestone Products Co.*, 255 S.W.2d 532 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.); *Coca Cola Bottling Co. v. Tannahill*, 235 S.W.2d 224 (Tex.Civ.App.—Fort Worth 1950, writ dism'd). The jury awarded damages for the value of the timber harvested from the .201 acre tract at the rate of $11,250.00 per acre when the highest bid for the tract of timber was $445.00 per acre. Then the jury added $20,000.00 as exemplary damages. Therefore, it seems apparent that the admission into evidence of the number of acres held by the Trust was an

indication of its wealth and as such was prejudicial.

Appellants' additional points have been considered and of themselves do not present reversible error.

The cause is reversed and remanded for trial.

CORNELIUS, C. J., not participating.